ARTHUR N. GILREATH, A.K.A. NICK GILREATH AND JULIA D. GILREATH, A.K.A. SHERRY GILREATH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilreath v. Commissioner
Docket No. 31879-87
United States Tax Court
T.C. Memo 1989-445; 1989 Tax Ct. Memo LEXIS 445; 57 T.C.M. (CCH) 1375; T.C.M. (RIA) 89445; August 21, 1989
Keith H. Gill, for the petitioners. Richard G. Stack, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiency in and additions to petitioners' Federal income tax: Taxable Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
1983
$ 109,622
$ 5,481 * *50% of the interest due on $ 109,622. After concessions, the issues remaining for decision are: 1) whether *446 Julia D. Gilreath (a.k.a. Sherry Gilreath) is subject to self-employment tax in the amount set forth in the statutory notice; and 2) whether petitioners were engaged in a partnership during taxable year 1983 for the purpose of selling cocaine. Some facts have been stipulated. The Stipulated of Facts and accompanying exhibits are incorporated by reference. Petitioners, Arthur N. Gilreath (Mr. Gilreath) and Julia D. Gilreath (Mrs. Gilreath), resided in Corona, California, when the petition in this case was filed. Petitioners filed a joint Federal income tax return for the year in question. Petitioners were engaged in the business of selling cocaine. Respondent determined that petitioners operated the cocaine distribution business as equal partners. Therefore, respondent determined, Mrs. Gilreath's distributive share of partnership income is subject to self-employment tax. Petitioners assert no partnership existed, Mr. Gilreath operated the business as a sole proprietorship, and Mrs. Gilreath was merely an employee of Mr. Gilreath's sole proprietorship. Petitioners contend that Congressional intent was that self-employment taxes are not to be levied against a person participating *447 in a family business if there is a spousal relationship between participants in a business. Petitioners bear the burden of proving Mrs. Gilreath is not liable for self-employment taxes in the year in question. Rule 142(a). We agree with respondent. Section 1401 provides for the imposition of a tax "on the self-employment income of every individual." Section 1402 defines net earnings from self-employment as "the gross income derived by an individual from any trade or business * * * plus his distributive share (whether or not distributed) of income * * * from any trade or business carried on by a partnership of which he is a member * * *." Petitioners' arguments are not supported by the record. The only evidence set forth by petitioners to support their contention is the lack of a written partnership agreement. Courts have held that written partnership agreements are not necessary to sustain a finding that a partnership exists. , affg. on this issue and revg. on another issue . See also , *448 and USTC par. 9349 (D. Vt. 1980). That petitioners did not file a partnership return for the years in question is also not dispositive. , affd. per curiam . A family partnership exists when the taxpayers intend "to join together for the purposes of carrying on a business and sharing in its gains or losses or both." . The Supreme Court has held that where a wife contributes to the control and management of the family business, or performs "vital additional services," she may be a partner within the confines of the Internal Revenue Code. . There is ample evidence supporting respondent's contention that petitioners had the required intent to operate a business as equal partners. In fact, petitioners stipulated to that effect. Mrs. Gilreath independent of Mr. Gilreath negotiated sales of cocaine, cultivated new business, accepted orders, and made deliveries on a regular basis. Both *449 Mr. Gilreath and Mrs. Gilreath made statements to potential customers that they were equal partners in business together. We find that petitioners operated their business as equal partners. Accordingly, we hold that Mrs. Gilreath is liable for self-employment tax on her distributive share of partnership income. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩